UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:21-CR-126-KAC-DCP-7 |
| | ) |
| MARCO ANTONIO CARDENAS, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING MOTION SEEKING REVIEW AND REVOCATION OF DETENTION ORDER

This criminal case is before the Court on Defendant's "Motion Seeking District Court Review of Detention Order of Marco Cardenas" [Doc. 91]. On November 29, 2021, Magistrate Judge Lisette M. Reid of the United States District Court for the Southern District of Florida held a pretrial detention hearing in Miami, Florida related to Defendant [*See* Docs. 77-1 at 15, 103]. Following the detention hearing, Judge Reid ordered that Defendant be detained because "no condition or combination of conditions of release w[ould] reasonably assure the defendant's appearance" [Doc. 77-1 at 18]. Judge Reid specifically concluded that detention was necessary because (1) the "[w]eight of evidence against the defendant is strong," (2) Defendant was "[s]ubject to [a] lengthy period of incarceration if convicted," (3) Defendant had "[s]ignificant family or other ties outside the United States," (4) Defendant had previously "fail[ed] to appear in court as ordered," and (5) Defendant had made prior attempts "to evade law enforcement" [*Id.* at 18–19].

Defendant now moves the Court to "revoke the Order of Detention" [Docs. 91 at 4, 92 at 6]. In support, Defendant asserts that the United States has not met its burden to prove that he "is such a serious flight risk that no condition or combination of conditions w[ould] reasonably

assure his appearance" [Doc. 92 at 4, 6]. The United States disagrees, asserting that Defendant has (1) "strong ties to Cuba, weak ties to Miami, [and] no ties to Tennessee," (2) an "outstanding warrant for failure to appear in Tennessee," and (3) "refused to surrender to law enforcement when he was told he had been indicted and needed to turn himself in" [Doc. 94 at 3]. The United States also notes that Defendant initially cooperated with law enforcement, "admitt[ing] to being involved in obtaining and transporting stolen vehicles from Miami to Tennessee," and that Defendant faces "a potentially lengthy sentence" for his role in the alleged crimes [*Id.* at 1, 3]. For the reasons discussed below, the Court **DENIES** Defendant's motion, and Defendant shall remain detained.

If a magistrate judge orders that a defendant be detained pending trial, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the [detention] order." 18 U.S.C. § 3145(b). Here, the district court reviews the magistrate judge's order of detention de novo. *See United States v. Marcrum*, 953 F. Supp. 2d 877, 880 (W.D. Tenn. 2013), *aff'd*, No. 13-6008 (6th Cir. Nov. 1, 2013). The district court may rely upon documents before the magistrate judge and the record of the detention hearing. *United States v. Romans*, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000) (affirming district court's affirmance of detention order where district judge "reviewed the magistrate judge's detention order de novo and used the transcripts from the defendant's detention hearing before the magistrate judge as a basis for its findings of fact"). A second hearing, conducted by the district court judge, is not necessary where, as here, the material information is already in the record from the initial detention hearing. *See* 18 U.S.C. § 3142(f).

18 U.S.C. § 3142 governs the release or detention of a defendant pending trial. Where the United States moves for detention of a defendant in a case involving "a serious risk that [the

2

defendant] will flee," the Court must determine "whether any condition or combination of conditions" "will reasonably assure the appearance of [the defendant] as required." 18 U.S.C. § 3142(f), (e)(1). The United States bears the burden to prove, by a preponderance of the evidence, that no conditions of release will reasonably assure the defendant's appearance. *United States v. Shuklin*, No. 19-4171, 2020 WL 2992522, at *2 (6th Cir. Mar. 18, 2020). To determine whether the United States has met its burden, a district court judge considers factors, including (1) "the nature and circumstances of the offense charged;" (2) "the weight and evidence against the [defendant];" (3) the defendant's history and characteristics, including, in relevant part, his family ties, community ties, past conduct, criminal history, and "record concerning appearance at court proceedings," and "whether, at the time of the current offense or arrest, the [defendant] was on . . . other release pending trial;" and if relevant, (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g)(1)–(4).

Based on a de novo review of the detention order, the evidence presented at the detention hearing, and the record, the United States has met its burden to prove that there are no conditions that will reasonably assure Defendant's appearance in this matter. The nature and circumstances of the offenses charged coupled with Defendant's history and characteristics[1] demonstrate the risk of flight that he poses. The Grand Jury charged Defendant with four (4) counts, including two (2) conspiracies related to transporting stolen motor vehicles and transportation of the same across

---

[1] Information related to Defendant's history and characteristics is contained in the Pretrial Services Report compiled by the United States Probation Office, made available to the Parties in advance of Defendant's detention hearing, and on file with the Court. The United States Probation Offices in both the Southern District of Florida and Eastern District of Tennessee recommended that Defendant remain detained pending his trial.

3

state lines [*See* Doc. 27]. Prior to his arrest, Defendant "effectively admitted his involvement in the offense" charged when interviewed by law enforcement [Docs. 103 at 6:7–11, 94 at 1]. The significant criminal penalties attached to these offenses produce an incentive to flee. *See Shuklin*, 2020 WL 2992522, at *2. And while Defendant has resided in Miami, Florida since he became a permanent resident—but not a citizen—of the United States in 2013, he has strong family ties outside of the United States [*See* Docs. 92 at 1, 77-1 at 19; Pretrial Services Report at 2]. He was born in Cuba, and several of his family members, including Defendant's mother and one of his children, continue to reside there [*See* Docs. 77-1 at 19, 92 at 1; Pretrial Services Report at 2]. These strong family ties in Cuba, the strength of the evidence against Defendant, the potentially lengthy sentence he faces, and the serious risk of flight are not significantly undermined or outweighed by the fact that one of Defendant's children, who resides in Miami, has cancer that is in remission and requires significant care. *See Shulkin*, 2020 WL 2992522, at *2.

What is more, Defendant's past conduct—both before and during the instant offenses—demonstrates a pattern of failing to appear and further demonstrates the serious risk of flight that Defendant poses. In 2020, Defendant was charged with an offense in Knox County, Tennessee for which he failed to appear, causing a warrant to be issued [Doc. 103 at 17:21–23, Pretrial Services Report at 5]. That warrant was outstanding at the time Defendant was finally arrested for the instant offenses [*See* Doc. 103 at 17]. And while Defendant initially cooperated with law enforcement during the investigation of the instant offenses, he made substantial subsequent efforts to avoid arrest. Specifically, on September 29, 2021, law enforcement instructed Defendant to meet them at a police station in Florida, but Defendant refused to meet them because he believed, correctly, that he was "going to be arrested" [Doc. 103 at 6:12–21, 14:11–14]. Shortly afterwards, a federal agent sent Defendant a text message informing him that there was a warrant for his arrest

[*Id.* at 15:2–6]. But Defendant's phone, which law enforcement had been tracking, was "discontinued" a mere fifteen (15) to twenty (20) minutes later [*Id.* at 15:10]. Despite further attempts to make contact "throughout the next several weeks," Defendant continued to avoid communications with law enforcement [*See id.* at 15:11–16]. It was not until November 2021 that Defendant was finally taken into federal custody, after Florida state law enforcement arrested him for a separate "auto theft charge" that was similar to, but unrelated to, the underlying charges in this matter [*Id.* at 13:15–24; Pretrial Services Report at 5].

Accordingly, no condition or combination of conditions will reasonably assure the appearance of Defendant. *See* 18 U.S.C. § 3142(e)(1), (f). Therefore, the Court **DENIES** Defendant's "Motion Seeking District Court Review of Detention Order of Marcos Cardenas" [Doc. 91]. Defendant shall remain detained pending trial.

IT IS SO ORDERED.

/s/ Katherine Crytzer
KATHERINE A. CRYTZER
United States District Judge